NOT DESIGNATED FOR PUBLICATION

Nos. 122,963
122,964

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

EARNEST E. WALKER JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Opinion filed December 23, 2021. Affirmed.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before WARNER, P.J., MALONE and BUSER, JJ.

PER CURIAM: Earnest E. Walker Jr. appeals the district court's denial of his postsentence motion to withdraw his guilty pleas in two separate cases. Finding no abuse of discretion, we affirm the district court's judgment.

FACTS

Under a plea agreement, Walker pled guilty to fleeing and eluding law enforcement in 14CR986 and felony theft with a prior conviction in 14CR1125. The State

1

agreed to recommend probation rather than apply the special sentencing rule under K.S.A. 2013 Supp. 21-6804(p) that creates a presumptive sentence of imprisonment for a felony theft conviction when the defendant has three or more prior convictions of felony theft.

Walker's criminal history included a 1991 Kansas burglary conviction. At sentencing, Walker's attorney objected to the district court scoring the prior burglary conviction as a person felony and argued it should be scored as a nonperson felony under *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, Syl. ¶ 9, 357 P.3d 251 (2015), *cert. denied* 577 U.S. 1090 (2016). The district court overruled Walker's objection, finding *Murdock* only applied to out-of-state offenses. The district court followed the plea agreement and sentenced Walker to 14 months' imprisonment in 14CR1125 and to 12 months' imprisonment in 14CR986, but the district court granted a dispositional departure in 14CR1125 and placed Walker on 12 months' probation in both cases.

Walker timely appealed his sentences. This court issued an order summarily affirming the district court's decision that *Murdock* did not apply because it had been overruled but remanding for resentencing because Walker was entitled to the same requested relief under *State v. Dickey*, 301 Kan. 1018, 350 Kan. 1054 (2015). In *Dickey*, the Kansas Supreme Court held that the district court was constitutionally prohibited from classifying a pre-1993 Kansas burglary conviction as a person felony for criminal history purposes because doing so necessarily resulted from the district court engaging in judicial fact-finding that the prior burglary involved a dwelling. 301 Kan. 1018, Syl. ¶ 8.

On January 12, 2016, the district court resentenced Walker to 12 months' imprisonment in 14CR1125 and to 10 months' imprisonment in 14CR986 based on the relief under *Dickey*. Meanwhile, Walker's probation had not gone well during his direct appeal and the district court had revoked Walker's probation and ordered him to serve his

sentence. At resentencing, the district court stated it was not willing to give Walker another chance at probation.

Soon after his probation was revoked, Walker moved to withdraw his pleas, which the district court dismissed for lack of jurisdiction because his direct appeal was still pending. Walker appealed the dismissal of his first plea withdrawal motion as well as the revocation of his probation. Another panel of this court affirmed, finding the district court lacked jurisdiction when the motion to withdraw plea was filed because Walker's direct appeal was unresolved. The panel also found that Walker's challenge to his probation revocation was moot because he had completed his prison sentence. But the panel suggested Walker could renew his plea withdrawal motion following the issuance of its decision. See *State v. Walker*, No. 114,931, 2017 WL 2712955, at *1, 3-4 (Kan. App. 2017) (unpublished opinion). The mandate was issued on March 7, 2018.

On February 5, 2019, Walker filed his second plea withdrawal motion, which leads to this appeal, asserting he would not have entered his pleas had he been properly advised of the potential effect of *Dickey* on his criminal history score. The district court held a full evidentiary hearing on Walker's plea withdrawal motion. Walker testified his attorney never discussed with him the potential application of *Dickey*, and he claimed he did not know about the special sentencing rule under K.S.A. 2013 Supp. 21-6804(p). Walker asserted he would have insisted on going to trial had he known about *Dickey*. Pamela Parker, Walker's attorney at his plea hearing and sentencing, testified and explained that although she did not cite *Dickey* to support her objection to scoring Walker's prior burglary conviction as a person felony, she made the same objection based on *Murdock*.

The district court denied Walker's motion to withdraw plea on several grounds. The district court found the motion to be moot because Walker had served his sentence.

3

The district court also found that Walker's motion was time-barred, and that Walker had not shown excusable neglect for his delay in filing the motion.

But as a separate basis for denying the motion, the district court addressed the merits and found that Walker had not met his burden of showing that it would be manifestly unjust to deny the motion. The district court found Walker's testimony that he would have elected to go to trial on both cases had he known about the ruling in *Dickey* was not credible. Instead, the district court found from the evidence that Walker "took the plea because he wanted to get out of jail." The district court found that Parker's testimony about her work in representing Walker and her communication with Walker was credible. The district court found that Walker was represented by competent counsel; that he was not misled, coerced, mistreated, or unfairly taken advantage of in entering his pleas; and that the pleas were fairly and understandingly made. Walker timely appealed the district court's judgment, and the cases have been consolidated on appeal.

ANALYSIS

On appeal, Walker argues that "[t]he mutual mistake of the parties about [his] criminal history rendered his plea unknowing[,] and the district court erred in denying his motion to withdraw his plea." The State asserts that "[t]he district court did not abuse its discretion in denying relief on [Walker's] motion to withdraw his pleas, as his motion was untimely filed and not accompanied by an affirmative showing of excusable neglect."

"To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea." K.S.A. 2020 Supp. 22-3210(d)(2). Generally, an appellate court will not disturb a district court's denial of a postsentence motion to withdraw plea absent an abuse of discretion. *State v. Johnson*, 307 Kan. 436, 443, 410 P.3d 913 (2018). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is

4

based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

> "'When a postsentence motion to withdraw a plea alleges ineffective assistance of counsel, the constitutional test for ineffective assistance must be met to establish manifest injustice.' *State v. Kelly*, 298 Kan. 965, 969, 318 P.3d 987 (2014). That test asks:  '(1) whether the attorney's performance fell below an objective standard of reasonableness and (2) whether there is a reasonable probability that, but for the attorney's errors, the result of the proceeding would have been different.' 298 Kan. at 969. There is a 'strong presumption' that counsel provided '"adequate assistance"' and '"made all significant decisions in the exercise of reasonable professional judgment."' 298 Kan. at 970 (quoting *Chamberlain v. State*, 236 Kan. 650, 655, 694 P.2d 468 [1985]). Prejudice means 'a reasonable probability that, but for the deficient performance, the defendant would have insisted on going to trial instead of entering the plea.' 298 Kan. at 970. A reasonable probability is a '"probability sufficient to undermine confidence in the outcome."' 298 Kan. at 970 (quoting *Chamberlain*, 236 Kan. at 657)." *Johnson*, 307 Kan. at 447.

We begin by rejecting the district court's finding that Walker's plea withdrawal motion was moot because he had served his sentence. "A case is moot when a court determines that '"it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights."'" *State v. Roat*, 311 Kan. 581, 584, 466 P.3d 439 (2020). Walker stands convicted in two cases of fleeing and eluding law enforcement and felony theft. If his plea withdrawal motion succeeds, those convictions would be set aside, and the cases remanded for further proceedings. His motion is not moot.

The district court also found that Walker's motion was time-barred, and that Walker had not shown excusable neglect for his delay in filing the motion. Walker's second plea withdrawal motion was filed more than one year after his resentencing on January 12, 2016 became final. Ordinarily, it would be considered time-barred absent a

showing of excusable neglect. See K.S.A. 2020 Supp. 22-3210(e)(1) and (e)(2). Walker argues he met this burden because he timely filed his first motion to withdraw his pleas, but the district court dismissed it for lack of jurisdiction because his direct appeal was still pending. Walker appealed the dismissal of his first motion, which this court affirmed. But this court strongly suggested Walker could renew his motion after the resolution of the appeal. See *Walker*, 2017 WL 2712955, at *4. The mandate was issued on March 7, 2018, and Walker filed his second motion to withdraw his pleas on February 5, 2019.

We observe that the district court did not deny Walker's plea withdrawal motion based solely on its finding of untimeliness, but the district court addressed the merits of the motion. For the purpose of this appeal, we will assume without deciding that Walker's second motion was either timely filed or that he has shown excusable neglect for his delay in filing the motion. Thus, we will address the merits of Walker's claim that it was necessary for the district court to grant his motion to correct manifest injustice.

Walker argues there was manifest injustice because of a mutual mistake about his criminal history score. He argues that his counsel was ineffective for not advising him about the potential effect of *Dickey* on his criminal history score. An opinion in *Dickey* had been rendered by the Court of Appeals about one month before Walker's plea hearing, but the decision was under review by the Kansas Supreme Court and not final at the time of Walker's plea. Based on the final ruling in *Dickey*, Walker's 1991 burglary conviction was scored as a nonperson felony, lowering his criminal history score in the felony theft case from B to C, making his sentence presumptive probation. Walker asserts that had he known he was presumptive probation, he would not have taken the plea deal and would have insisted on going to trial. He acknowledges he was facing presumptive imprisonment in the felony theft case because of the special sentencing rule under K.S.A. 2013 Supp. 21-6804(p), but he asserts that his counsel never advised him about the special sentencing rule, and so it would not have factored into his decision whether to proceed to trial.

The problem with Walker's argument is the district court's factual and credibility findings are contrary to his assertions on appeal. The district court found Walker's testimony that he would have elected to go to trial on both cases had he known about the ruling in *Dickey* was not credible. Instead, the district court found from the evidence that Walker "took the plea because he wanted to get out of jail." The record supports this credibility finding because Walker expressed no dissatisfaction with his plea agreement while he was on probation. He moved to withdraw his pleas only after his probation was revoked. In reviewing the district court's factual findings, this court does not reweigh evidence, resolve evidentiary conflicts, or make witness credibility determinations. *State v. Chandler*, 307 Kan. 657, 668, 414 P.3d 713 (2018).

Moreover, Walker's testimony that he did not know about the special sentencing rule under K.S.A. 2013 Supp. 21-6804(p) is belied by the record. As the State points out, the record shows Walker was aware of the special sentencing rule because the parties' written plea agreement, which Walker signed, stated the parties would recommend the district court not follow the special rule at sentencing and grant a dispositional departure to probation. At the plea hearing, the district court stated it had a copy of the written plea agreement and asked Walker whether he had read and understood it. Walker said he had. The district court also mentioned the special sentencing rule before Walker entered his pleas.

Walker asked the district court to believe that he would have insisted on going to trial had he known about the ruling in *Dickey* because he would have thought, although incorrectly, that he would have been presumptive probation in the felony theft case, given his claimed ignorance of the special sentencing rule. The district court found Walker's testimony was not credible and the record supports its finding. We need not decide whether Parker's performance fell below an objective standard of reasonableness when she failed to advise Walker about the potential effect of *Dickey* on his criminal history

score. Based on the arguments made on appeal, we find the district court did not abuse its discretion in denying Walker's postsentence motion to withdraw his guilty pleas.

Affirmed.